UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00092-GNS-HBB

JAMI SUMMERS PLAINTIFF

v.

SCOTTSDALE INDEMNITY COMPANY DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment (DN 14). The motion is fully briefed and is ripe for decision. For the reasons stated below, the motion is **GRANTED.**

## I. BACKGROUND

This action is brought to seek a declaration of coverage in order to recover damages arising from sexual harassment Plaintiff Jami Summers ("Summers") alleges she experienced while employed by Beech Bend Raceway Park, Inc. ("Beech Bend"). Defendant Scottsdale Indemnity Company ("Scottsdale") had previously agreed to indemnify Beech Bend under an employment practices liability insurance policy ("the Policy"). (Def.'s Mem. in Supp. of Mot. for Summ. J. 2, DN 14-1 [hereinafter Def.'s Mot.]).

Summers filed her Complaint against Beech Bend in Warren Circuit Court,[1] and Scottsdale initially provided counsel to defend Beech Bend in the state court action pursuant to the Policy. (Def.'s Mot. 2). Scottsdale sought to rescind the Policy in a separate action before this Court, based upon misrepresentations made by Beech Bend to Scottsdale in the application

[1] *Summers v. Beech Bend Park, Inc.*, Warren Circuit Court (Ky.), Civil Action No. 14-CI-00816.

process. *Scottsdale Indem. Co. v. Beech Bend Park, Inc.*, No. 1:15-CV-00045-GNS-HBB (W.D. Ky.). Specifically, Scottsdale alleged Beech Bend failed to disclose in its policy application two prior lawsuits against Beech Bend involving claims of sexual misconduct. (Def.'s Mot. 3). Scottsdale reached a settlement with Beech Bend in the prior federal action, under which Beech Bend relinquished coverage under the Policy in exchange for a return of premiums paid. (Def.'s Mot. 4). Summers attempted to intervene in that action but failed to do so prior to the settlement. (Def.'s Mot. 3-4). Beech Bend is not a party to the present action and Plaintiff seeks only a declaratory judgment regarding Defendant's coverage under the Policy. (Compl., DN 1).

## II. JURISDICTION

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the value of $75,000 exclusive of interest and costs, and is between citizens of different states.

## III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of material fact when "looking to the record as a whole, a reasonable mind could come to only one conclusion . . . ." *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 186 (6th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). "When moving for summary judgment the movant has the initial burden of showing the absence of a genuine dispute as to a material fact." *Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The burden then shifts to the

nonmovant, who must put forth enough evidence to show that there exists 'a genuine issue for trial.'" *Id*. (citing *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004)).

The Court views the evidence in the light most favorable to the non-moving party, however, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986) (citations omitted). Rather, the non-moving party must present facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

Defendant moves for summary judgment on two grounds. First, Scottsdale asserts that Plaintiff lacks standing to bring this action as she has not alleged an injury caused by Scottsdale which the Court can redress. (Def.'s Mot. 6). Second, Scottsdale argues that Plaintiff must establish that Beech Bend has an insurance claim against Scottsdale which she cannot do because Beech Bend has rescinded its policy. The Court considers both arguments in turn.

Summers must first establish she has standing to bring suit against Scottsdale. "When jurisdiction is premised on diversity of citizenship, a plaintiff must have standing under both Article III and state law in order to maintain a cause of action." *Morell v. Star Taxi*, 343 F. App'x 54, 57 (6th Cir. 2009) (citations omitted). Therefore, the Court considers whether Summers has standing to bring this suit both under the Constitution and state law. Kentucky law requires a plaintiff to obtain a judgment against an insured before seeking enforcement of that

judgment against the insurer. *State Auto. Mut. Ins. Co. v. Empire Fire & Marine Ins. Co.*, 808 S.W.2d 805, 807-08 (Ky. 1991) ("In ordinary circumstances, an injured party must first obtain judgment against the opposing party defendant and then seek enforcement of the judgment rendered in an action against the defendant's indemnitor."). "This means that except in cases of insolvency or bankruptcy, an injured person has no direct right of action against an insurance company until after a judgment has first been obtained against the insured." *Morell*, 343 F. App'x at 57 (citations omitted).

Plaintiff has not established standing under Kentucky law. It is undisputed Plaintiff has not obtained a judgment against Beech Bend which can be enforced against Scottsdale. Plaintiff argues that she need not obtain a judgment from Beech Bend because she seeks only a declaratory judgment regarding coverage. (Pl.'s Resp. to Mot. for Summ. J. 4, DN 16 [hereinafter Pl.'s Resp.]). Seeking a declaration that an insurer must indemnify the insured does not establish a case or controversy under Kentucky. *QBE Ins. Corp. v. Green*, No. 14-cv-300-JMH, 2014 WL 5431318, at *2 (E.D. Ky. Oct. 24, 2014) ("Kentucky law does not provide for filing a 'direct action' against an insurer by an injured party and, thus, in Kentucky, a tort claimant's rights against a tortfeasor's insurer do not mature until the tort claimant recovers a judgment against the tortfeasor." (citations omitted)). Thus, Summers fails to establish standing under Kentucky law.

Similarly, Summers fails to establish constitutional standing. The Sixth Circuit has established that the constitutional component of ripeness is analyzed through the framework of standing. *Kiser v. Reitz*, 765 F.3d 601, 607 (6th Cir. 2014). "A plaintiff must demonstrate that he has standing to pursue his claim in federal court by showing three elements: (1) that he has suffered an injury in fact, (2) that there is a causal connection between the injury and the conduct complained of, and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a

favorable decision." *Id*. (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)) (internal quotation marks omitted).

In this case, Plaintiff does not have standing because she has failed to establish the existence of an injury. The Supreme Court has noted an injury must be "concrete and particularized" as well as "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S.at 560 (internal quotation marks omitted) (citations omitted). Plaintiff has alleged that she was sexually harassed by Beech Bend employees, but Scottsdale's only association to the alleged sexual harassment is as an insurer. Since Plaintiff has not obtained a judgment from Beech Bend, a declaration of coverage from this Court may ultimately be moot. Plaintiff's only claimed injury is that she *may* obtain a judgment from Beech Bend which Scottsdale *may* refuse to pay. This claim is simply too conjectural to meet the injury requirement. *Green*, 2014 WL 5431318, at *2 (finding lack of standing by plaintiff seeking a declaration of rights against an insurance company before obtaining a judgment against defendant insured). On similar grounds, Plaintiff has failed to show causation and redressability, as no injury has yet occurred which Scottsdale could have caused or the Court can redress. Therefore, Summers has not established constitutional standing.

Further, even if Plaintiff could establish standing, the insurance agreement between Scottsdale and Beech Bend has been rescinded. (Def.'s Mot. 3-4). Plaintiff does not contest this fact, but instead claims Defendant "waived" its coverage defenses under the Policy when it initially provided a defense for Beech Bend in Plaintiff's state court action. (Pl.'s Resp. 5-6). Plaintiff argues that if Defendant sought to reserve its coverage defenses, it needed to provide Summers with a written reservation of rights. (Pl.'s Resp. 6). This argument has no merit. First, any reservation of rights by Scottsdale was only necessary with respect to Beech Bend. The contract of insurance was between Scottsdale and Beech Bend; Plaintiff was not a party. *See Sonitrol of Lexington, Inc. v. Gen. Star Indem. Co.*, No. 2008-CA-000724-MR, 2010 WL 743785, at *1 n.2 (Ky. App. Mar. 5, 2010)

("When an insurer has a question regarding whether coverage exists for allegations made in a third party lawsuit, it may offer its insured a defense under what is commonly known as a reservation of rights. In such a situation, the insurer agrees to undertake the defense of its insured's interests in a third party or liability claim, but maintains the right to later contest coverage for the allegations raised in the claim based on the policy provisions or exclusions.").

Second, any reservation of rights could only be required after Scottsdale became aware Beech Bend may have made misrepresentations on its insurance application. *W. Farm Bureau Mut. Ins. Co. v. Danville Constr. Co.*, 463 S.W.2d 125, 129 (Ky. 1971) ("[T]he old faithful rule of reason must prevail. . . . [A]n insurer will not be held to have waived, and will not be estopped to assert a breach of, the co-operation clause by its insured if it repudiates liability at the first opportunity after becoming aware of the insured's failure to co-operate." (internal quotation marks omitted) (citation omitted)). Kentucky law requires an insurer to defend any suit which is covered by an insurance policy, or face liability for breach of contract. *Wolford v. Wolford*, 662 S.W.2d 835, 838 (Ky. 1984). Kentucky courts do not, however, establish an affirmative duty to investigate coverage defenses prior to partaking in the insured's defense. Instead, Kentucky courts require reasonable care based upon only on the *actual knowledge* of the insurance carrier. *Danville Constr. Co.*, 463 S.W.2d at 128.

Plaintiff contends Scottsdale waived its coverage defense because it failed to conduct an investigation into Beech Bend's legal history. (Pl.'s Resp. 6-7). Kentucky law requires no such duty to investigate until Scottsdale had actual knowledge of irregularities in Beech Bend's application. *See Danville Constr. Co.*, 463 S.W.2d at 128. Summers makes no allegation Scottsdale had such knowledge when it undertook Beech Bend's defense, only that it should have been able to obtain such knowledge. (Pl.'s Resp. 6-7). Therefore, there is no genuine issue of material fact that Scottsdale waived its coverage defenses.

Lastly, the Court addresses Plaintiff's argument that the Court should delay consideration of this matter until Plaintiff has compelled the discovery of documents which may or may not bolster her waiver claim. (Pl.'s Resp. 7). This argument is misguided. The Court has found Plaintiff does not have standing in this matter and documents relevant to any claimed waiver are ultimately moot. Plaintiff seemingly attempts to invoke Fed. R. Civ. P. 56(d), which allows the Court to delay consideration if the Plaintiff shows by affidavit or declaration why Plaintiff cannot mount an opposition to a Rule 56(a) motion. Fed. R. Civ. P. 56(d). Plaintiff has not provided such an affidavit or declaration and therefore Plaintiff's argument also fails as a matter of procedure. Therefore, the Court must deny Plaintiff's request for more time to conduct discovery in this matter.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Scottsdale Indemnity Company's Motion for Summary Judgment (DN 14) is **GRANTED.**

**Greg N. Stivers, Judge**
**United States District Court**
March 31, 2016

cc: counsel of record